FILED
CLERK
3:36 pm, Feb 18, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOLLY BROOKS a/k/a DOLLY W BROOKS,
GLOBAL WORLD ONE, INC.,
WHO DO THEY SAY I AM,

                 Plaintiffs,

     -against-

**ORDER**
19-CV-6823 (GRB)(AYS)

AIDEN 0821 CAPITAL LLC, *et al.*,

                 Defendants.
-------------------------------------------------------------------X

**GARY R. BROWN, U.S. District Judge**:

On December 4, 2019, Dolly Brooks, a/k/a Dolly W. Brooks ("Brooks" or "plaintiff"), Global World One, Inc. and Who Do They Say I AM[1] commenced this action against forty-two (42) defendants together with an incomplete application to proceed *in forma pauperis*.[2] By Notice of Deficiency dated December 5, 2019, plaintiff was advised that, in order for her case to proceed, she must, within fourteen days, complete and return the enclosed application to proceed *in forma pauperis*. On December 19, 2019, plaintiff timely filed another *in forma pauperis* application. (*See* Docket Entry No. 9.) For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the

---

[1] Because Global World One, Inc. and Who Do They Say I Am are artificial entities, they cannot appear in this Court *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries [ ] that a corporation may appear in the federal courts only through licensed counsel"); *Jones v. Niagara Frontier Transp. Author.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate [in the federal courts] only through a duly licensed attorney is venerable and widespread.") (collecting cases). Accordingly, any claims brought by these entities are dismissed without prejudice.

[2] Plaintiff answered only the first four questions on the application and left the spaces for questions five through eight blank. (*See* Docket Entry No. 2.)

1

enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, plaintiff may pay the $400.00 filing fee.

To qualify for *in forma* pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks omitted). Plaintiff's application does not include sufficient information for the Court to make such finding.

Plaintiff indicates that she is unemployed and has no money in a checking or savings account. She avers that he has not received income from any sources in the past twelve (12) months and has answered "0" to every other question on the form with the exception of question five. (*See generally* Docket Entry No. 9.) Question five asks for a description of "[a]ny automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name (describe the property and approximate value)" to which plaintiff responded: "real estate 93 Ridge Rd. Wheatley Heights N.Y. 11798 . . ." (*Id.* at ¶ 5.) However, also on December 19, 2019, plaintiff filed a notice of change of address designating 7 Jefferson Avenue, Wyandanch, New York, as her current mailing address. (Docket Entry No. 8.) Plaintiff did not report any housing expenses, nor did she indicate any other regular monthly expenses such as food, transportation, or utilities. (Docket Entry No. 9 ¶ 6.)

Given that plaintiff has not provided sufficient information for the Court to assess her financial position, plaintiff is directed to set forth her current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO

239).  Accordingly, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239).  Alternatively, plaintiff may pay the $400.00 filing fee.  Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

Dated: February 18, 2020
      Central Islip, New York

      /s Gary R. Brown
      Gary R. Brown
      United States District Judge