UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
DOLLY BROOKS,

                                                  **REPORT AND**
                                                  **RECOMMENDATION**
                    Plaintiff,          CV 19–6823 (GRB)(AYS)

             -against-

WELLS FARGO BANK, N.A., AIDEN
0821 CAPITAL LLC, and WOODS
OVIATT GILMAN, ET AL.,

                    Defendants.
--------------------------------------------------X

**SHIELDS, Magistrate Judge,**

      Pro se plaintiff Dolly Brooks ("Brooks" or "Plaintiff") commenced this action against inter alia Wells Fargo Bank, N.A. ("Wells Fargo") and Reed Smith LLP ("Reed Smith") (collectively the "Foreclosing Defendants") initially alleging that they lacked standing to foreclose on her former property.

      Presently before this Court, upon referral by the Honorable Gary R. Brown for Report and Recommendation, see Electronic Order dated 03/16/2021, is Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. See DE [29]. As discussed below, this Court respectfully recommends that the motion to dismiss be granted with prejudice and without leave to replead as any amendment would be futile.

BACKGROUND

I.      Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the amended complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Amended Complaint, construed in her favor.

II.  Facts

    A.  Background

        1.  The Foreclosure Action

On or about February 14, 2011, Plaintiff executed a mortgage on the property located at 93 Ridge Road, Wheatley Heights, NY 11798 (the "Property") to secure a loan for $176,813.00 (the "Loan"). See Declaration of Michael V. Margarella ("Margarella Decl."), Ex. 1, DE [30-1]. In June 2017, Wells Fargo filed a Foreclosure Complaint against Plaintiff in New York state court under Index Number 610628/2017 ("Foreclosure Action"). See Margarella Decl. ¶ 3, DE [30]; see also Margarella Decl., Ex. 1. The Foreclosure Action was filed because of a default on the Loan in January 2017. Id.

Plaintiff did not respond to the Foreclosure Complaint, and Wells Fargo successfully moved for a Default Judgment and Order of Reference, which was issued on May 30, 2018. See Margarella Decl., Ex. 2, DE [30-2]. Following the issuance of the Order of Reference, Wells Fargo moved for a Judgment of Foreclosure and Sale. See Margarella Decl., Ex. 3, DE [30-3]. On December 24, 2018 the Judgement of Foreclosure and Sale was issued. Id.

In April 2019, the Property was sold to a third-party, Aiden 0821 Capital LLC ("Aiden"), a co-defendant in the instant action. Margarella Decl. ¶ 6. Later in April 2019, Plaintiff noticed an appeal of the Judgment of Foreclosure and Sale to the New York State court Appellate Division, Second Department, and moved the Second Department by Order to Show Cause to vacate the foreclosure. Id. Plaintiff's motion was denied, Margarella Decl., Ex. 4, DE [30-4], and the appeal was dismissed in December 2019. See Margarella Decl. ¶ 7.

3

B.  Procedural History

Plaintiff commenced this action on December 4, 2019. See Compl., DE [1]. On December 19, 2019, Plaintiff filed a motion for temporary restraining order and a preliminary injunction as well a motion for leave to proceed in forma pauperis. See DE [9], [10]. Plaintiff's request for emergency relief was denied on December 23, 2019. See Electronic Order dated 12/23/2019. Plaintiff's in forma pauperis motion was denied on February 18, 2020. DE [11]. Plaintiff was directed to either set forth her current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO239) or remit the filing fee within two weeks of February 18, 2020. Id.

On March 9, 2020, after Plaintiff failed to comply with the Court's prior Order, the District Judge issued an Order to Show Cause directing Plaintiff to show cause in writing by March 23, 2020, why the action should not be dismissed. See Order to Show Cause dated 3/09/2020.

On March 23, 2020, Plaintiff filed a response to the Order to Show Cause as well as a second motion for leave to proceed in forma pauperis. DE [12], [13]. On June 18, 2020, Plaintiff again filed a motion for a temporary restraining order and preliminary injunction. DE [14]. On July 22, 2021, Plaintiff's request for emergency relief was again denied, as was her in forma pauperis application. DE [15]. Plaintiff was directed to pay the filing fee by August 15, 2020. Id.

On August 14, 2020, Plaintiff paid the filing fee and filed an Amended Complaint. Am. Compl., DE [16]. A review of the docket reveals that to date, Plaintiff has yet to serve the Foreclosing Defendants with the Amended Complaint. On September 2, 2020, the Foreclosing Defendants requested a pre-motion conference for leave to move to dismiss the amended complaint. DE [20]. The Honorable Gary R. Brown referred the pre-motion conference request

4

and any subsequent briefing schedules and motions resulting from the request to the undersigned. See Electronic Order dated 9/03/2020. On October 6, 2020, the undersigned waived the pre-motion conference requirement and entered a briefing schedule. See Electronic Order dated 10/06/2020.

On December 30, 2020, the Foreclosing Defendants filed their motion to dismiss. See DE [29]. Plaintiff failed to oppose the motion or request additional time in which to do so. On June 22, 2021, Approximately six months after there was no activity in response to the present motion to dismiss, the undersigned issued an Order to Show Cause directing Plaintiff to show cause in writing, by June 30, 2021, why the Motion to Dismiss should not be granted as unopposed and this action should not be dismissed. See Order to Show Cause dated 6/22/2021. On July 1, 2021, Plaintiff filed what the Court liberally construes as her response to the Order to Show Cause. DE [35].

III.    The Motion to Dismiss

Defendants move to dismiss all claims. First, they argue that the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine because Plaintiff and the Property were already the subject of the state Foreclosure Action, which proceeded through final judgment against Plaintiff and resulted in the sale of the Property. See Defs'. Br. at 5,[1] DE [31]. Defendants also argue that the Amended Complaint is barred against the Foreclosing Defendants by the doctrines of collateral estoppel and res judicata based on that prior state court adjudication against Plaintiff. Id. at 6.

---

[1]. For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

5

Defendants next contend that if the Court were to reach the merits of the case, the Amended Complaint should be dismissed for failure to state a claim because it is unclear what Plaintiff's Amended Complaint purports to plead against them. Defs'. Br. at 6. Plaintiff seems to allege some improper transfers of the property that occurred after the foreclosure sale and eviction, as well as loss of personal and intangible property caused by others, but not the Foreclosing Defendants. Id.

Finally, Defendants aver that even construing the Amended Complaint as liberally as possible to assert a civil rights claim pursuant to 42 U.S.C. § 1983 (Section 1983"), the claim still fails against the Defendants because they are not state actors. Defs.' Br. at 6.

The Court now turns to the merits of the motion.

## DISCUSSION

I.    Legal Principles: Standards Applicable on Motions to Dismiss

A.    Rule 12(b)(1)

When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the Court must consider the Rule 12(b)(1) motion first. Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, Defendants asks the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) under Rooker-Feldman.

1.    Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

6

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d. 454 (2005). The Second Circuit has articulated four requirements that must be met before a federal court may dismiss an action under Rooker-Feldman:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil*, 544 U.S. at 284) (alterations in the original). Hoblock describes the first and fourth requirements as "procedural" and the second and third as "substantive." Id. Here, the procedural elements of the Rooker-Feldman doctrine have been met. See id. at 85. Plaintiff lost in the foreclosure action in New York state court and the Judgment was issued before Plaintiff commenced this action.

To satisfy the substantive elements, the federal action must "complain[ ] of injury from a state-court judgment and seek[ ] to have that state-court judgment reversed." Hoblock, 422 F.3d at 86. If the federal plaintiff "present[s] some independent claim," even if that claim has been decided adversely to him in state court, "then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil, 544 U.S. at 293 (citation omitted). As the Second Circuit has explained, "federal plaintiffs are not subject to the Rooker-Feldman bar unless they *complain of an injury* caused by a state judgment." Hoblock, 422 F.3d at 87 (emphasis in original).

It is well settled that "an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment [is] barred by Rooker-Feldman." Riley v. Comm'r of Fin., 618 F. App'x 16, 17 (2d Cir. 2015). Accordingly, this Court lacks jurisdiction to

7

review or nullify the Judgment of Foreclosure, which it would have to do in order to provide Plaintiff the relief she seeks against the Foreclosing Defendants.

B.      Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).  Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II.     Failure to State a Claim

8

A.  42 U.S.C. § 1983

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) was acting under color of state law and (2) deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015). The law is clear that private banks and bank employees cannot qualify as state actors. See Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013); Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir, 2010); Temple v. N.Y.S. Dep't of Taxation & Fin., 11-CV-9759 (JFB) (ETB), 2012 WL 503618, at *7 (E.D.N.Y. Feb. 15, 2012). To allege that private actors, such as the Foreclosing Defendants, were "acting under the color of state law," a plaintiff must allege either joint activity between the private actor and the state or its agents or a conspiracy between the state or its agents and the private actor. Young v. Suffolk Cty., 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013) (citing Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)).

To the extent that this Court liberally construes Plaintiff's Amended Complaint to assert such a claim, Plaintiff has failed to allege that the Foreclosing Defendants were state actors or that she was deprived of any "rights, privileges or immunities secured by the Constitution and laws", as required to state a Section 1983 claim. Plaintiff has not pled any facts to support that that enforcement of her loan with Wells Fargo through the Foreclosure Action was in any way an exercise of state powers, or that the state was a participant in the contract. The Amended Complaint is devoid of any mention of any involvement by any government official or agency in adjudication of the Foreclosure Action.

Plaintiff "fails to allege facts to establish that [Chase's] relevant conduct may be fairly attributable to the state as required to sustain a § 1983 claim." Best v. DiTech Holding Corp.,

9

407 F. Supp. 3d 210, 211-12 (E.D.N.Y. 2019); see also Trakansook v. Astoria Fed. Sav. & Loan Ass'n, No. 06-CV-1640 (SMG), 2007 WL 1160433, at *5 n.4 (E.D.N.Y. Apr. 18, 2007) (allegation that bank was "licensed by government agencies" and that it made "use of the New York State court system" to foreclose plaintiff's mortgage was not sufficient to state a § 1983 claim against it). Accordingly, even if Plaintiff's Section 1983 claim was not precluded by the state court Judgment, it fails as a matter of law.

For the reasons set forth above, this Court respectfully recommends that to the extent that the complaint can be construed to allege a violation of Section 1983, it should be dismissed in its entirety with prejudice.

III.   Leave to Amend

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Nonetheless, courts may deny leave to replead where amendment qualifies as futile." Herbert v. Delta Airlines, No. 12–CV–1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Plaintiff has already once amended her complaint. Her amended pleading, while voluminous, is insufficient to allege a claim pursuant § 1983 against the Foreclosing Defendants. To be clear, the Court strains to conceive of any amendment that Plaintiff could make to her pleading to allege a valid § 1983 claim as the law is clear that private banks and bank employees cannot qualify as state actors. See Sykes, 723 F.3d at 406; see also Copacabana Nightclub, 624 F.3d at 33; see also Temple, 2012 WL 503618, at *7. Therefore, as the Court lacks subject-matter jurisdiction over the Foreclosure Action and any injury complained of due to the

Foreclosure Action, and no valid § 1983 claim can be stated against the Foreclosing Defendants, any further amendment against the Foreclosing Defendants would be futile. Accordingly, the Court respectfully recommends that Plaintiff be denied leave to replead, as permitting Plaintiff to amend her Complaint a second time would be futile.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Foreclosing Defendants' motion to dismiss, found at docket entry No. 29 herein, be granted with prejudice and without leave to replead as any amendment would be futile.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF.  Furthermore, the Court directs Defense counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at her last known address, and (2) to file proof of service on ECF by August 5, 2021.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       August 3, 2021

11

                 /s/ Anne Y. Shields  
                 Anne Y. Shields  
                 United States Magistrate Judge